ROBERT LYONS HAGUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39195, 50110. Promulgated October 6, 1931.

*Walter E. Godfrey, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

Goodrich: We sustain respondent in denying to petitioner the deduction claimed in the amount of $12,000. Petitioner claims this amount was lost in a joint venture entered into for profit, but we are unable to find from the record before us the terms and conditions of the agreement, if any, under which petitioner advanced this money. There was no written agreement and the testimony as to any oral agreement is indefinite and contradictory. Petitioner could not say whether he made an agreement with the corporation or with Godfrey, nor to which of the two he advanced the money. He testified that he advanced money to improve and furnish the house and went " in your joint venture on a fifty-fifty basis," yet Godfrey testified, in explaining why none of the proceeds of the sale of the premises were turned over to petitioner in repayment of the money advanced by him, that when " Miss Bobe decided to put more money into the proposition, to redecorate and rebuild the house and refurnish it, it was then decided to take that money out first before any money was taken out for the purchase of the premises and the outlay of the alterations and so forth, that money was paid out first." The record shows that petitioner put no money into this proposition until after his marriage to Miss Bobe. Whether the money later advanced by him was a gift to his wife, or a loan to her or the corporation we can not say, but certainly, in view of the vagueness and uncertainty of the testimony, we can not find the existence of any agreement of joint venture under which these advances were made. If the advances be regarded as loans, there is no showing that the debt was ascertained to be worthless and charged off within the taxable year, as required by section 214 (a) (1) of the Revenue Act of 1926.

While petitioner admits that the legal fees of $1,000 and $5,000 claimed as deductions were not paid as expenses in carrying on his trade or business, he claims them to be deductible under paragraph 5 of section 214 (a) of the Revenue Act of 1926 as " losses sustained during the taxable year * * * incurred in any transaction entered into for profit." The simple answer to this contention is that petitioner did not enter into these transactions but, on the contrary, stayed out of them. For the assistance rendered him in deciding whether or not to enter into these transactions he paid his attorney the fees here involved. There is no provision of section 214 permitting expenditures made under such circumstances to be deducted from income and therefore we sustain respondent's action with respect to these items.

In considering petitioner's third allegation of error we are met with a failure of proof so complete that we can not make even a finding of fact. In his petition—

petitioner assents to the change in income caused by the Commissioner's handling of the Standard Oil Co. of New Jersey stock bonus under the stock bonus acquisition plan of that company.

At the hearing, by motion, the petition was amended to—

include the contention by the petitioner that the issue or charge made by the Government which includes the sum of $22,741.85 as income under a stock acquisition plan be disallowed to the Government and that petitioner be given credit on his return for the sum of this $22,741.85 as not income for that year.

To this amendment respondent entered a general denial. In his opening statement petitioner's counsel outlined the facts which he proposed to prove with respect to this issue, but the record contains not one word of testimony concerning it. In his brief, counsel makes a statement of facts concerning a stock acquisition plan of the Standard Oil Company of New Jersey, but even there does not tell us whether this petitioner was a participant under that plan and, if so, the amount and value of the stock, if any, received by him thereunder. He assumes that all facts relative to this issue are conceded. In this he is in error for, as stated, respondent has denied generally the amendment by which this issue is raised. We are referred to the cases of *Schaefer* v. *Bowers*, 41 Fed. (2d) 803, and *Durkee* v. *Welsh*, 49 Fed. (2d) 339. Having no facts as to any acquisition by petitioner of corporate stock under any stock bonus plan, we can not say whether this issue in the case at bar is controlled by these decisions. For lack of proof, we must deny petitioner's contention.

*Judgment will be entered for the respondent.*