CHARLES T. PARKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109735.   Promulgated March 2, 1943.

*George Black, Jr., Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

## OPINION.

Harron, *Judge:* Petitioner claims a deduction under section 23 (e) (2) of the Internal Revenue Code for a loss sustained in a transaction entered into for profit. Respondent contends that there was a failure to enter into any transaction and cites *Robert Lyons Hague*, 24 B. T. A. 288, as authority for denying the claimed deduction.

In our opinion, the facts here are distinguishable from those in the *Hague* case, and it is not controlling.

In the *Hague* case, the taxpayer did no more than employ an attorney to advise him upon the matter of whether or not he should purchase certain property and enter into a project to develop a patent. The advice received was negative and the taxpayer did nothing. The taxpayer paid the attorney for his advice. We held that the fee was not deductible as a loss sustained from a transaction entered into for profit.

On the other hand, in this case the taxpayer went a step further. He asked a competent person to investigate the placer property. This was done without charge. The report was favorable. In fact, Anderson advised petitioner and others to advance money; he also advanced money; and placer mining operations were carried on. Petitioner and the others entered into a joint venture. The venture was a business undertaking and the object was to make profits. The parties expected that the runs would yield a sufficiently high rate of recovery of gold to warrant further investment and continued operations. If the results had been more favorable, the operations would have been continued. The carrying on of operations for thirty days constituted more than a mere preliminary investigation. The operations, in fact, were usual operations and they were carried on after Anderson had made the preliminary investigation. All that was done involve the elements of entering into a transaction for profit within the meaning of the statute. The operations were preliminary to making arrangements for permanent operations, it is true. But they were actual operations and the fact that they did not result in a permanent undertaking does not take the transaction outside the statutory provision. There is no question that a loss was sustained. When the venture was abandoned, the petitioner's money was lost.

Petitioner's claim is sustained.

*Decision will be entered under Rule 50.*