MORTON FRANK AND AGNES DODDS FRANK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32374. Promulgated May 29, 1953.

*Albert B. Arbaugh, Esq.,* for the petitioners.
*Charles Speed Gray, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The only question presented is whether the petitioners may deduct $5,965 in the determination of their net income for the year 1946 as ordinary and necessary business expenses or as losses. The petitioners base their claim for deductions upon section 23 (a) (1) and (2) and (e) (2) of the Internal Revenue Code.[1] The evidence reasonably establishes that the petitioners expended the amount of expenses stated in our Findings of Fact during the taxable year in traveling, telephone, telegraph, and legal expenses in the search for and investigation of newspaper and radio properties. This total amount was spent by the petitioners in their travels through various states in an endeavor to find a business which they could purchase and operate. These expenses do not include amounts spent while living in Phoenix, Arizona.

The travel expenses and legal fees spent in searching for a newspaper business with a view to purchasing the same cannot be deducted under the provisions of section 23 (a) (1), Internal Revenue Code. The petitioners were not engaged in any trade or business at the time the expenses were incurred. The trips made by the taxpayers from Phoenix, Arizona, were not related to the conduct of the business that they were then engaged in but were preparatory to locating a business venture of their own. The expenses of investigating and looking for a new business and trips preparatory to entering a business are not deductible as an ordinary and necessary business expense incurred in carrying on a trade or business. *George C. Westervelt,* 8 T. C. 1248. The word "pursuit" in the statutory phrase "in pursuit of a trade or business" is not used in the sense of "searching for" or "following after," but in the sense of "in connection with" or "in the course of" a

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; * * *

* * * * * * *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

* * * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * * *

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business ; or

trade or business. It presupposes an existing business with which petitioner is connected. The fact that petitioners had no established home during the period of their travels further complicates the question and alone may be fatal to petitioners' case. If they had no home, how could they have expenses "away from home"? The issue whether all or part of the expenses so incurred were capital expenditures is not raised or argued and we do not pass judgment on such question.

Neither are the travel and legal expenses incurred by the petitioners in their attempt to find and purchase a business deductible under section 23 (a) (2), Internal Revenue Code, which allows the deduction of expenses incurred in the production or collection of income or in the management, conservation, or maintenance of property held for the production of income. There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest. *Marion A. Burt Beck*, 15 T. C. 642, affd. 194 F. 2d 537. *Stella Elkins Tyler*, 6 T. C. 135. The expenses here involved are of the latter classification. The traveling costs were incurred in an endeavor to acquire a business which might, in the future, prove productive of income. It might reasonably be said that petitioners were engaged in the active search of employment as newspaper owners, but that cannot be regarded as a business. It is much like the situation obtaining in *Mort L. Bixler*, 5 B. T. A. 1181, or like that found in *McDonald* v. *Commissioner*, 323 U. S. 57, where it was held that a Pennsylvania court of common pleas judge seeking reelection could not deduct under section 23 (a) (2) expenses of such campaign. The Supreme Court said "* * * his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years."

The petitioners contend finally that the expenses in question must be allowed as deductions as nonbusiness losses under section 23 (e) (2), Internal Revenue Code. This subsection of the Code provides a deduction for losses incurred in transactions entered into for profit. The only transaction entered into for profit by the petitioners, as disclosed by the facts, was the purchase of a newpaper in Canton, Ohio. Other possible transactions were investigated and rejected or otherwise not entered into. It cannot be said that the petitioners entered into a transaction every time they visited a new city and examined a new business property. Nor can we hold that petitioners entered into such transactions and then abandoned them, as they here contend. Rather, they refused to enter into such transactions after the preliminary investigation. If the general search for a suitable business property itself be considered as a transaction entered into for profit, no abandonment of such project occurred in the taxable year so as to

enable deduction of these expenses as losses. Travel and legal expenses, such as were incurred here by petitioners, are not deductible as losses. *Robert Lyons Hague*, 24 B. T. A. 288; cf. *Charles T. Parker*, 1 T. C. 709. The cases cited by the petitioners concern instances where transactions were actually entered into and losses were then sustained upon abandonment. We cannot find this situation here.

We conclude that the petitioners may not deduct the expenses claimed for 1946 under the applicable provisions of the Internal Revenue Code.

*Decision will be entered for the respondent.*