Leon and Edna Chooluck v. Commissioner.
Chooluck v. Commissioner
Docket No. 45868.
United States Tax Court
T.C. Memo 1954-150; 1954 Tax Ct. Memo LEXIS 96; 13 T.C.M. (CCH) 864; T.C.M. (RIA) 54256; September 13, 1954, Filed Joseph Sternbach, Esq., 610 South Broadway, Los Angeles, Calif., for the petitioners. James P. Powers, Esq., and John J. Burke, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies *97 in the income tax of the petitioners as follows: Year
Deficiency
1948
$195.00
1949
53.06
1950
127.56 By amended answer, the respondent now claims an additional deficiency for 1949 in the amount of $56.19 and for 1950 in the amount of $48.98. The issues presented for determination by the pleadings are the correctness of respondent's action (1) in not allowing a deduction in 1948 for a loss on a cooperative apartment venture, and (2) in not allowing in 1948, 1949 and 1950 as deductions amounts expended by Leon Chooluck to obtain employment and to secure business. Findings of Fact Some of the facts have been stipulated and are found accordingly. Leon and Edna Chooluck are husband and wife. They filed joint income tax returns for 1948, 1949 and 1950 with the collector of internal revenue for the sixth district of California. During 1947 Leon and Edna Chooluck joined with eight others in a venture called Lucille Homes, Inc. The purpose of this venture was to build a cooperative apartment house. Lucille Homes, Inc., was incorporated in August 1947. No stock was issued. Plans were drawn, legal and business expenses incurred, and an earnest effort was made *98 to secure necessary financing. However, the group was unsuccessful in its attempts and the project was abandoned. The venture was liquidated October 22, 1948. Petitioners advanced Lucille Homes, Inc., a total of $2,100, and upon liquidation received $1,120, sustaining a loss $980of. Leon Chooluck, hereinafter referred to as the petitioner, has worked extensively in the motion picture industry since he was 16 years old. He began to work in the industry as an apprentice cutter and has been a projectionist, film examiner, sound technician, stage manager, assistant director, assistant cameraman, production manager, director and producer. He is a member of the Screen Directors Guild of America and the Unit Production Managers Guild. His work has been confined primarily to the field of independent motion picture production. Petitioner was employed by five different employers during 1948, by five different employers during 1949, and by seven different employers during 1950. All of his wages were subject to the withholding of income taxes. In connection with his employment in the motion picture industry during the years here involved, the petitioner incurred expenditures for dues, *99 periodicals, telephone service, office supplies and miscellaneous items, as follows: 1948
$ 72.00
1949
543.00
1950
448.09 The petitioner's employers did not reimburse him for any of his expenditures. None of the disbursements were made while petitioner was employed by the various companies above mentioned. It is stipulated by the parties that these expenditures constitute proper deductions from adjusted gross income in arriving at net income. In order to secure employment, the petitioner incurred automobile expenses, as follows: 1948
$230.62
1949
338.48
1950
334.20
During 1950 petitioner joined with several other persons in an endeavor to produce a motion picture dealing with the story of the Giant baseball team of New York City. A trip was made to New York City for this purpose, for which $198.10 was expended. Opinion The first issue is whether the petitioner is entitled under section 23(e), Internal Revenue Code of 1939, to a deduction based upon his loss in 1948 in a cooperative apartment venture. The respondent determined that the undertaking was a cooperative apartment and that the venture was intended to provide the petitioner *100 with a personal residence. The petitioner did not testify at the hearing. There is no evidence contradicting the respondent's determination. We conclude that the entire transaction is essentially one involving the acquisition of a personal residence for the petitioners, and that the loss incurred is not deductible under section 23(e) of the 1939 Code. Cf. Rowena S. Barnum, 19 T.C. 401. The remaining issue involves the deductibility of expenses made to secure employment and the expenses of a trip to New York to produce a motion picture. The petitioner contends that he was not an employee of the companies for which he worked during 1948, 1949 and 1950 but was rendering technical services for hire. We assume, therefore, that petitioner contends he was engaged in a trade or business in a professional capacity in his employment by the five companies and, therefore, is entitled under section 23(a)(1)(A), 1939 Code, to make the deductions here involved. There is, however, no indication from the record that petitioner was in business as an independent contractor. He was employed by several different employers and worked under their supervision. The record and briefs are silent *101 as to the relationship between petitioner and his various employers except to merely name the capacity in which he was employed. This Court can not take judicial notice of the relationship to his employer of one employed in such capacities. We may not judicially notice the nature of the duties or services which those capacities of employment entail. In this respect petitioner offers this Court no proof whatsoever and we are therefore bound by the determination of the Commissioner that he was not, in such employment, "carrying on" a business or profession within the meaning of section 23(a)(1)(A). The expenditures for petitioner's automobile and the cost of the trip to New York were made to secure employment. They are not deductible under section 23(a)(1) of the 1939 Code, as petitioners were not engaged in a trade or business. Morton Frank, 20 T.C. 511. Neither are they deductible under section 23(a)(2), 1939 Code, which section allows for deduction of expenses incurred in the production or collection of income or in the management, conservation, or maintenance of property held for the production of income. The expenses here involved were incurred in attempting to obtain *102 income and do not come within the purview of section 23(a)(2) of the 1939 Code. This situation is similar to the one in Morton Frank, supra, where the Court, in denying the right of taxpayer to deduct expenses incident to an attempt to create a business, said: "There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest. * * * The expenses here involved are of the latter classification. The traveling costs were incurred in an endeavor to acquire a business which might, in the future, prove productive of income. * * * See McDonald v. Commissioner, 323 U.S. 57. We conclude that the petitioners may not deduct the expenses claimed in 1948, 1949 and 1950 and, therefore, hold for the respondent on this issue. Decision will be entered under Rule 50.