Francois Louis v. Commissioner.
Louis v. Commissioner
Docket No. 205-65.
United States Tax Court
T.C. Memo 1966-204; 1966 Tax Ct. Memo LEXIS 80; 25 T.C.M. (CCH) 1047; T.C.M. (RIA) 66204; September 21, 1966
*80 Held, that amounts paid by the petitioner to an employment agency and to a telephone answering service in seeking employment are not deductible under either section 162 or section 212 of the Internal Revenue Code of 1954. Held, further, that amounts expended by the petitioner for entertaining persons and making telephone calls in the course of rendering services to an organization exempt under section 501 of the Code are deductible as charitable contributions under section 170 of the Code. The amount of such contributions determined. Gabriel T. Pap, for petitioner. Joel Kamens and Benjamin Levine, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1962 in the amount of $830.17. The issues for decision are whether the petitioner is entitled to deduct amounts paid to an employment agency and to a telephone answering service in an attempt to obtain employment, and whether he is entitled to deduct as charitable contributions amounts claimed to have been paid for entertainment and for telephone expenses on behalf of an organization exempt under section 501 of the Internal Revenue Code of 1954. *81 Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. The petitioner, a resident of New York City, filed his Federal income tax return for the taxable year 1962 with the district director of internal revenue, Manhattan, New York. From October 1961 to March 1962 the petitioner was unemployed. On February 26, 1962, he entered into a "Service Contract and Agreement" and a "Placement Contract and Agreement" with National Executive Search, Inc. (hereinafter referred to as NESINC), an agency providing, among other things, advice and assistance to job seekers and an employment placement service. Pursuant to the service contract the petitioner paid NESINC $450 in the taxable year 1962 for advice with respect to types of employment suitable for him, for the preparation and mailing of printed resumes and covering letters to selected companies, and for assistance in attempting to obtain a position. Under the placement contract the petitioner agreed to pay NESINC a placement fee of 10% of his first year's gross salary from employment obtained through the efforts of NESINC (unless petitioner's employer agreed to pay such amount), such fee to become *82 due and payable after 45 days of employment. NESINC did not obtain employment for the petitioner. During the taxable year 1962 the petitioner made a payment to Telanswerphone Company, a telephone answering service, in the amount of $153.20. He subscribed to this answering service in order that potential employers to whom he had sent resumes could leave messages in the event the petitioner was not at home. Through such answering service the petitioner received a message from the Port of New York Authority regarding an interview with such Authority. In March 1962 the petitioner obtained employment with the Port of New York Authority as a mechanical engineer in the Engineering Operations Services Section. During the taxable year 1962 the petitioner was active in the French-American Atlantique Association, Inc. (hereinafter referred to as "Atlantique"), an organization engaged in operating a student exchange program between France and the United States. Under such program students from each country who are engaged in certain fields of study are provided fellowships by Atlantique on a graduate level to study and obtain practical experience in their fields in the other country. Contributions *83 to Atlantique were deductible for Federal income tax purposes as charitable contributions during the taxable year 1962. In 1961 a junior committee of Atlantique was formed to contribute toward the success of Atlantique by raising funds and providing hospitality to the grantees of fellowships. The petitioner was made the treasurer of the junior committee, but his position was primarily honorary and he performed no substantial duties as treasurer. In May 1962 the petitioner was informed by an official of Atlantique that the organization wished to start a program of exchanging engineers, and was asked to assist in such program. In response to this request the petitioner in 1962 entertained, in his home and at restaurants, 15 persons in support of Atlantique's student exchange program. The persons entertained included business executives, an employee of the French Consulate in New York, employees of Atlantique, an engineer with the Port of New York Authority, and others who might be instrumental in promoting the student exchange program. The petitioner incurred expenses of $409 during the taxable year 1962 for food and beverages consumed in this entertainment, for which he was not reimbursed *84 by Atlantique. The petitioner was able to arrange for an exchange of one engineering student per year with the Port of New York Authority. One-half of the amount of $409 constituted personal or living expenses of the petitioner, and the remainder constituted payments made by petitioner incident to the rendition of services to Atlantique by entertaining persons in an effort to promote Atlantique's exchange program. During the taxable year 1962 the petitioner incurred telephone expenses of $315.81, of which $90 was incurred in connection with making contacts with, or in issuing invitations to, persons in furtherance of Atlantique's student exchange program. In his return for the taxable year 1962 the petitioner claimed as deductions, under the caption "Other Deductions," the following amounts: $450 for "Nesinc employment agency"; $153.20 for "Telanswerphone"; $1,404.13 for "Entertaining unreimbursed," (attaching a statement to his return which indicated that such entertainment constituted restaurant and home food and liquor expenses incurred in "Contacting Professional people in 1962"); and $293.24 with the explanation "Telephone." In the notice of deficiency the respondent disallowed *85 in full the claimed deductions of $450 and $153.20 referred to above with the following explanation: It is held that the deduction in the amount of $603.20 for payments to Nesic employment agency and Telanswerphone in connection with seeking change of employment is not allowable as ordinary and necessary expenses of carrying on a trade or business at the time incurred. The respondent also disallowed the claimed deductions of $1,404.13 and $293.24 with the following explanation: It has been determined that the following items claimed as deductions on your return are not deductible within the meaning of section 162 of the 1954 Code. The deductions are disallowed for the further reason that no competent evidence or appropriate information was submitted in substantiation thereof * * *. Opinion The petitioner contends that the amount of $450 paid to NESINC and the amount of $153.20 paid to Telanswerphone Company are deductible as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954. [1] The respondent, on the other hand, contends that such amounts are not deductible under either section 162 or section 212 of the Code, [2] but constitute nondeductible *86 personal expenses. [3]
We think the respondent properly disallowed the claimed deductions. It is well established that expenses incurred in seeking employment are not deductible under section 162 of the Code since they are not incurred in carrying on a trade or business. See McDonald v. Commissioner, 323 U.S. 57; Frank B. Polachek, 22 T.C. 858; and Morton Frank, 20 T.C. 511. It is clear that the expenses here involved were incurred in an effort to obtain employment and not in carrying *87 on any existing trade or business. The petitioner contends that even though he was unemployed, he was, nevertheless, engaged in a trade or business in that he held himself out as a professional engineer, and that for this reason the expenditures should be considered as ordinary and necessary expenses incurred in carrying on a trade or business. We cannot agree with this contention. The record does not indicate that the petitioner was in business for himself as an engineer, but, rather, that he was seeking employment as an engineer. Accordingly, we cannot conclude that the expenditures in question constituted ordinary and necessary expenses incurred in carrying on a trade or business. Nor are the expenditures here involved deductible under section 212 of the Code. That section was not intended to expand the class of deductible items beyond those which would be deductible under section 162, except to eliminate the requirement that they be incurred in connection with a business. In this regard, the Supreme Court stated in Bingham v. Commissioner, 325 U.S. 365: The effect of § 23(a)(2) [the predecessor of section 212] was to provide for a class of nonbusiness deductions coextensive with *88 the business deductions allowed by § 23(a)(1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. McDonald v. Commissioner, supra, 323 U.S. 61, 62, 66, 65 S. Ct. 96, 97, 98, 100; and see H. Rep. No. 2333, 77th Cong., 2d Sess., pp. 46, 74-76; S. Rep. No. 1631, 77th Cong., 2d Sess., pp. 87-88. We have previously held that expenses incurred "for the production or collection of income" do not include expenses incurred in obtaining a new job. In Morton Frank, supra, we stated: There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest. * * *. In addition, section 1.212-1(f) of the Income Tax Regulations specifically provides for the disallowance of expenses incurred in seeking employment, providing in part: Among expenditures not allowable as deductions under section 212 are the following: * * * expenses *89 such as those paid or incurred in seeking employment or in placing oneself in a position to begin rendering personal services for compensation, * * *. In our opinion the expenditures here involved constituted costs of seeking employment which are clearly nondeductible under the above cited judicial precedents and the regulations. The petitioner cites O.D. 579, 3 C.B. 130 (1920), Rev. Rul. 60-223, 1960-1 C.B. 57, and Internal Revenue Service Publication No. 17, "Your Federal Income Tax," 1963 edition, and contends that the above expenditures are deductible thereunder. [4] *91 While the effect of such rulings and instructions is not entirely clear, it seems that they would allow as deductions payments (to employment agencies and perhaps others) for having secured employment for the taxpayer, but would disallow as deductions amounts paid for seeking employment which are payable irrespective of whether employment is secured. It is unnecessary to consider the correctness of the distinction apparently made by the respondent in these rulings and instructions. Suffice it to say that the expenditures in question do not fall within the class of payments which would be deductible thereunder. Clearly *90 the fee paid to NESINC was paid merely for seeking employment and not for securing employment. NESINC did not obtain a job for petitioner. And, even though the payment to the answering service may have been of help to the petitioner in obtaining his present position, it cannot be said that it was paid to the recipient for having secured employment for him. The petitioner contends that the amount of $409 which he spent during the taxable year 1962 for food and beverages in entertaining in his home and in restaurants was expended on behalf of Atlantique and, accordingly, qualifies as a charitable contribution within the meaning of section 170 of the Code. He also contends that $90 of the total amount paid by him during the taxable year 1962 as telephone expenses (exclusive of any amount paid to Telanswerphone company) *92 was expended for telephone calls made on behalf of Atlantique and is therefore deductible as a charitable contribution under section 170 of the Code. Section 170 of the Code provides in part as follows: (a) Allowance of Deduction. - (1) General rule. - There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * *
(c) Charitable Contribution Defined. - For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of - [described organizations]. Section 1.170-2(a)(2) of the Income Tax Regulations provides in part as follows: Charitable deductions by individuals; limitations. * * *
(2) No deduction is allowable for contribution of services. However, unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution. * * * Reasonable expenditures for meals and lodging necessarily incurred while away from home in the course of rendering donated services also are deductible. For the purposes of this section, the phrase "while away from home" has the same *93 meaning as that phrase is used for purposes of section 162. * * *. The parties have stipulated and we have found as a fact that Atlantique is an organization to which contributions were deductible as charitable contributions during the taxable year 1962. However, respondent contends that the petitioner has not established that he actually expended the claimed $409 for entertainment, and that, in any event, the claimed entertainment expense as well as the $90 portion of the petitioner's telephone expense, are personal living expenses under section 262 of the Code and are not deductible as charitable contributions. The respondent's determinations are presumptively correct and the burden of proof is upon the petitioner to show error therein. Welch v. Helvering, 290 U.S. 111. Deductions being a matter of legislative grace, the burden is upon the taxpayer to establish his right to the deductions claimed and the amounts thereof. New Colonial Ice Co. v. Helvering, 292 U.S. 435, and Burnet v. Houston, 283 U.S. 223. The record establishes, and we have found a fact, that petitioner incurred expenses of $409 for food and beverages during the taxable year 1962 while entertaining various businessmen *94 and other persons who might be instrumental in promoting Atlantique's student exchange program. We think that the entertainment of such persons was incident to petitioner's rendition of services to Atlantique and therefore constituted a contribution "for the use of" Atlantique within the meaning of section 170(c) of the Code. However, the petitioner was present at all of the entertainments rendered on behalf of Atlantique and it has not been shown that he did not consume a portion of the food and beverages. The cost of meals consumed by a taxpayer, even though in the course of rendering services to a charitable organization, is a personal or living expense, and cannot be deducted as a charitable contribution unless incurred while away from home. See Clinton H. Mitchell, 42 T.C. 953. There is no evidence that the expenditures were incurred by the petitioner while away from home. The petitioner has thus failed to show that he is entitled to any deduction for the cost of food and beverages consumed by him. Clinton H. Mitchell, supra.
Although the record does not show the precise amount expended for food and beverages consumed by the petitioner and the amount expended for the persons *95 entertained, we think it is incumbent upon us, in the circumstances, to exercise our best judgment and make an estimate of the amount which is deductible. We have concluded and have found as a fact that 50% of the $409 constituted the amount expended in entertaining others. Cohan v. Commissioner, (C.A. 2) 39 F. 2d 540. In the recomputation under Rule 50, the amount of $204.50 will be allowed as a deductible contribution. We are also satisfied from the petitioner's testimony that he did incur telephone expenses in connection with his rendition of services on behalf of Atlantique. At the trial he estimated that of his telephone expenses of $315.81, $90 represented the portion of the expenses incurred on behalf of Atlantique. We have accepted this estimate and have found as a fact that such amount was expended in the rendition of services on behalf of such organization. In the recomputation under Rule 50 such amount will be allowed as a charitable contribution deduction. Decision will be entered under Rule 50. Footnotes
1. Section 162 of the Code provides, in part, as follows: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
2. Section 212 of the Code provides, in part, as follows: In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income * * *. ↩
3. Section 262 of the Code provides as follows: PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
4. O.D. 579 states that: Fees paid to secure employment are considered allowable deductions for the purpose of computing net income subject to tax. Rev. Rul. 60-158, 1960-1 C.B. 140, revoked O.D. 579, stating in part: The long-standing position of the Service has been that expenses incurred in seeking employment are personal expenses and, hence, may not be deducted for Federal income tax purposes. * * * While employment agency fees are generally paid after employment has been secured, usually through the assistance of the employment agency, the obligation to pay such fees in the event of employment is incurred when the individual is seeking employment. Therefore, it is now the position of the Service that fees paid to employment agencies in connection with obtaining employment are also incurred in seeking employment. Accordingly, it is held that expenditures incurred by an individual in seeking employment, including fees paid to an employment agency, are not allowable deductions for Federal income tax purposes. Thereafter Rev. Rul. 60-223 revoked Rev. Rul. 60-158, stating in part: The Internal Revenue Service will continue to allow deductions for fees paid to employment agencies for securing employment. Internal Revenue Service Publication No. 17 states that among other deductible expenses of employees are "fees paid to an employment agency for procuring employment." Such publication also provides that among nondeductible expenses of employees are "Job-hunting expenses, or expenses incurred with the hope that future employment for you will result."↩