Carson J. Morris and Muriel F. Morris v. Commissioner.
Morris v. Commissioner
Docket No. 4593-65.
United States Tax Court
T.C. Memo 1967-251; 1967 Tax Ct. Memo LEXIS 10; 26 T.C.M. (CCH) 1296; T.C.M. (RIA) 67251; December 20, 1967
*10 Held, certain fees paid by petitioner, Carson J. Morris, in 1962 and 1963 to a firm of executive recruiters for purposes of seeking employment in an executive capacity are not deductible under either section 162 or section 212 of the Internal Revenue Code of 1954, but constitute nondeductible personal expenses under Code section 262. Carson J. Morris, pro se, 1853 S. 107th St., Omaha, Neb., Edward B. Simpson, Jr., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax for the calendar years 1962 and 1963 in the amounts *11 of $362.19 and $354.67, respectively. Petitioners assign one error as follows: A. Disallowance of employment agency fees paid to Frederick Chusid & Company, 200 S. Michigan Avenue, Chicago, Illinois, in the amount of $1,099.08 in 1962 and $1,070.73 in 1963. Although no additional errors were assigned, the parties have stipulated in part as follows: 12. The petitioners agree that the adjustments for gas taxes in the amounts of $46.60 and $56.36 for the years 1962 and 1963, respectively, are proper. 13. Petitioners agree that the allowable amount of deductions for medical expenses for the years 1962 and 1963 will depend on the outcome of litigation. Findings of Fact Some of the facts were stipulated. The stipulation, together with all of the exhibits attached thereto, is incorporated herein by reference. Petitioners are husband and wife. They resided in Omaha, Nebr., at the time of the filing of the petition herein. They presently reside at 6017 East Cheney Drive, Mummy Mountain Park, Scottsdale, Ariz. The returns for the taxable years here involved were filed with the district director of internal revenue, Chicago, Ill. Carson J. Morris is hereinafter referred to as *12 petitioner. For many years petitioner has been employed by various organizations in the filed of marketing consumer goods. Petitioner was employed as a vice president by Campbell-Mithun, an advertising firm in Chicago, Ill., during the years 1962, 1963, and part of the year 1964. Specifically, in 1964, petitioner terminated his employment with the Campbell-Mithun Company and immediately thereafter, on May 18, 1964, accepted a position with the Cudahy Packing Company, Phoenix, Ariz., hereinafter referred to as Cudahy. Petitioner has remained in the employment of Cudahy from May 18, 1964, to the date of the stipulation of facts. In 1962 petitioner entered into a contract with Frederick Chusid & Company, Chicago, Ill., hereinafter referred to as Chusid, for purposes of seeking employment in an executive capacity. Chusid is a firm of executive recruiters which designates itself as "management psychologists." The firm assists its clients "in marketing themselves" in areas of suggested or desired employment. Pursuant to the contract, Chusid undertook preparation of brochures and letters which it circulated to selected companies. Petitioner's expense for the services of Chusid *13 consisted of fees, costs of printing and mailing letters, telephone calls, and other similar costs. All fees and costs were payable to Chusid irrespective of whether or not employment was secured by its efforts. Petitioner paid Chusid $1,099.08 in 1962 and $1,070.73 in 1963. Petitioner did not secure other employment as a result of the services rendered by Chusid. Specifically, the petitioner's employment with Cudahy was the direct result of petitioner's contact with Cudahy and was not the result of services rendered by Chusid. Ultimate Findings of Fact The fees paid by petitioner to Chusid in the years 1962 and 1963 were in the course of seeking employment and not for securing employment. Chusid did not secure employment for petitioner. Opinion Petitioner contends that the amounts paid Chusid in 1962 and 1963 are deductible under either section 162 [1] or section 212 [2] of the Internal Revenue Code of 1954. Respondent contends that the amounts so paid are not deductible under either of these sections but that they constitute personal expenses which are specifically nondeductible under section 262, I.R.C 1954. [3]
*14 We agree with the respondent. It is clear that the expenses here involved were incurred in an effort to obtain employment and not in carrying on any existing trade or business. In McDonald v. Commissioner, 323 U.S. 57, it was held that campaign expenses of one unsuccessfully seeking election as Pennsylvania court of common pleas judge for a 10-year term were not allowable as a deduction in computing taxable income. In so holding, the Supreme Court said "But his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years." To the same effect are Morton Frank, 20 T.C. 511; and Frank B. Polachek, 22 T.C. 858. Respondent has made the distinction between fees paid to an employment agency for seeking employment and those paid for securing employment. The respondent holds that the former are nondeductible and the latter deductible. See I.T. 1397, (I- 2 C.B. 145); O.D. 579 (3 C.B. 130); and Rev. Rul. 60-223 (1960-1 C.B. 57) revoking Rev. Rul. 60-158 (1960-1 C.B. 140). The previously cited court decisions are ample authority for sustaining *15 the respondent in his holding that fees paid an employment agency for seeking employment are nondeductible. Since, in the instant case, the stipulated facts are clear that the fees paid by petitioner to Chusid in the years 1962 and 1963 were paid in the course of seeking employment and not for securing employment, it follows that the fees so paid are nondeductible and we so hold. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income * * *. ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩