Richard R. Riss, Sr. v. Commissioner.
Riss v. Commissioner
Docket No. 81486.
United States Tax Court
T.C. Memo 1967-258; 1967 Tax Ct. Memo LEXIS 6; 26 T.C.M. (CCH) 1334; T.C.M. (RIA) 67258; December 27, 1967
Guy A. Magruder, Jr., 1212 Fairfax Bldg., 101 W. 11 St., Kansas City, Mo., for the petitioner. Donald W. Geerhart and Frank C. Conley, for the respondent. FORRESTER
Supplemental Memorandum Findings of Fact and Opinion FORRESTER, Judge: In our prior opinion deciding this case which was filed July 14, 1964, T.C. Memo 1964-190] we upheld respondent's determination that certain hotel expenditures paid for by Riss & Company, a corporation, constituted income to this petitioner for the calendar year 1955. In such opinion we failed to indicate the basis upon which this issue was decided and the United States Court of Appeals for the Eighth Circuit has remanded the case to us to make "findings pertinent to the resolution of this issue and for a decision based upon such findings." 374 F. 2d 161, 171. *7 Findings of Fact Those facts generally pertaining to petitioner Richard R. Riss, Sr., (hereinafter sometimes referred to as Riss, Sr.) are set out in our earlier opinion, and are incorporated herein by this reference. A summary of those facts, together with additional findings of fact, follows: In 1955 petitioner owned all the voting stock and was chairman of the board of Riss & Company. The company was a common carrier engaged in motor freight transportation in intrastate and interstate commerce. On February 2, 1955, Riss & Company paid $2,622.83 to the Caribe Hilton Hotel in San Juan, Puerto Rico. The amount was recorded on the company books and records and subsequently deducted by it as a business expense for the calendar year 1955. In his statutory notices of deficiency, the Commissioner disallowed this expenditure as an allowable deduction of Riss & Company and further determined such amount to be ordinary income to petitioner as having been expended for his personal benefit. Regarding such payment to the Caribe Hilton, petitioner testified that the amount represented costs which he and Tom Evans had incurred on a 4 or 5-day trip to Puerto Rico when investigating the *8 possibility of purchasing a boat line to haul trailers between Puerto Rico and Miami, Florida, in a "fishback" operation. His reason for having Evans along was allegedly to facilitate contacts between himself and the principals and their attorney who would be involved in the prospective sale. The transaction was never consummated. Petitioner's explanation for his decision not to buy was that the operation did not look desirable, that it was going to involve large cash expenditures, and that he did not have the money to finance it. Before, during and after 1955, petitioner had engaged in business ventures which did not involve Riss & Company or any other corporation. On numerous occasions he caused Riss & Company to pay his and his relatives' personal expenses, record the same on its books and records and deduct the amounts on its income tax returns as business expenditures, even though such amounts were not ordinary and necessary expenses of its business. Ultimate Finding of Fact Petitioner has not shown that any of the expenses of the trip to Puerto Rico were for other than his own personal benefit. Opinion The question for decision is whether petitioner received taxable *9 income in 1955 when Riss & Company paid a $2,622.83 hotel bill from the Caribe Hilton Hotel in San Juan, Puerto Rico. Assuming arguendo that petitioner's expenditures were incurred entirely in the process of investigating a prospective business venture, he had still failed to show that they were incurred in an investigation for or on behalf of Riss & Comany rather than for himself personally. At no point in his testimony regarding this trip did petitioner once mention that he was investigating the "fishback" operation for Riss & Company. His entire testimony was in reference to his interests and his ability to finance the operation, not that of the corporation. [1]
A short time before testifying *10 regarding this hotel bill, petitioner's attorney had prefaced a question to him concerning other disallowed expenses by asking if he was familiar "with the disallowance of certain expenses that were attributed to your personal activities for Riss & Company?" and it is possible that petitioner was thinking in terms of purchasing the operation for Riss & Company when he used the pronoun "I". However, the record is replete with business ventures which Riss, Sr., entered into as an individual, or as a partner, and apart from any corporation in which he had an interest. Also, the fact that Riss & Company paid for the trip might, under other circumstances, evidence a corporate purpose for the trip. However, petitioner's practice of running his personal expenditures through the corporation's books, records, and income tax returns militates against our making assumptions in his favor on this issue. In view of all of the foregoing we believe that petitioner has not sustained his burden of proving that he was acting for Riss & Company in his investigation of this venture, and we so hold. It follows that the payment of these expenses by Riss & Company was for his personal benefit, resulting *11 in taxable dividend income in 1955 to him in the amount of the $2,622.83 expenditure. Cf. Challenge Manufacturing Co., 37 T.C. 650, 663 (1962). [2]
Petitioner does not argue for, and the record would not support a deduction by him of any portion of this amount under section 162 or 212 of the Internal Revenue Code of 1954. Cf. Morton Frank, 20 T.C. 511 (1953); Richmond Television Corporation v. United States, 345 F. 2d 901 (C.A. 4, 1965). Therefore, on this issue Decision will be entered for the respondent. Footnotes
1. At trial, petitioner testified as follows: Q. While you were there what did you do with regard to checking into this fishback operation? A. Well, we check it with a number of people and found out they were in bad shape financially, it would take a lot of money to finance it, I didn't have the money to finance it and I wasn't too sold on it. I am sorry at this time I didn't because it has turned out to be a very profitable venture but it didn't look like it to me at that time.↩
2. Because petitioner failed to show a corporate purpose for the trip, we need not determine what portion of the expenses were for investigating the fishback operation, if any. Suffice it to say, however, that we consider a hotel bill of this size to be far in excess of any amounts required for business purposes on a 4 or 5-day stay.↩