Court J. and Jeanette H. Beisinger v. Commissioner.
Beisinger v. Commissioner
Docket No. 1142-67.
United States Tax Court
T.C. Memo 1968-146; 1968 Tax Ct. Memo LEXIS 154; 27 T.C.M. (CCH) 725; T.C.M. (RIA) 68146; July 10, 1968. Filed Court J. Beisinger, pro se, 286 Frederick St., Kitchener, Ontario, Canada. Denis M. Neill, for the respondent. 726 DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined an income tax deficiency against petitioners for the year 1961 in the amount of $2,654.93. The principal issue in this case is whether the petitioners were resident or nonresident aliens of the United States in the year 1961. If they were residents of the United States, then three subsidiary questions must be resolved. *156 They are: (1) Whether a claimed operating loss of $1,283 from rental property exceeded petitioner's actual loss; (2) whether the sale of rental property resulted in a gain taxable as ordinary income or in a deductible loss; and (3) whether petitioners are entitled to a deduction for travel expenses and, if so, the amount thereof. Findings of Fact Some of the facts have been stipulated by the parties. The stipulation of facts and attached exhibits are incorporated herein by this reference. Court J. Beisinger and Jeanette H. Beisinger (herein called petitioners), husband and wife, claimed to be residents of Ontario, Canada, but had the post office address of Box 2191, Trenton, New Jersey, at the time of filing their petition in this proceeding. They filed a joint Federal income tax return for the year 1961 with the district director of internal revenue at Newark, New Jersey, showing their home address as 83 Augusta Street, Irvington, New Jersey. This was not designated a nonresident return by petitioners. Petitioners filed separate Federal income tax returns for the year 1960 and indicated on those returns that their home address was 83 Augusta Street, Irvington, New Jersey. *157 These were not designated as nonresident returns. For each of the years 1962 through 1965 the petitioners filed joint Federal income tax returns which were not designated as nonresident returns. On each return their address was shown as Box 2191, Trenton, New Jersey. On January 18, 1960, the petitioners were admitted as quota immigrants from Canada. In their applications for immigrant visas they stated under oath that their purpose in coming to the United States was to make better use of their experience and abilities. They also stated that they intended to remain in the United States permanently. The principal reason the petitioners came to the United States was to invest money in American industry by acquiring a domestic corporation to operate and develop for profit. When they came to the United States in 1960, they did not know how long it would take to accomplish their purpose of acquiring a domestic corporation and operate and develop it for profit. Petitioners actively sought a new business enterprise in the United States during 1961. They did acquire an operating company in the United States, Luzerne Rubber Company, in February 1962, more than two years after they immigrated *158 to the United States. Petitioners had visited the United States on different occasions since 1956. Petitioners filed no United States income tax returns prior to 1960. Petitioners did not file Canadian income tax returns in 1961. In a letter to the Canadian Department of National Revenue, Taxation Division, dated January 29, 1963, petitioners stated that they had been residents of Canada from 1954 through 1959 and that they had immigrated to the United States on January 12, 1960. The Canadian Department of National Revenue, Taxation Division, replying on February 5, 1963, to the petitioners' letter, stated that the petitioners were to be treated as nonresidents of Canada for the year 1961. This determination was affirmed by that Canadian office on Notice of Re-Assessment forms in subsequent correspondence dated March 8, 1963. The determination was reviewed by petitioners' accountants and found to be correct. And petitioners accepted the determination as correct. In a protest filed with the district director of internal revenue at Newark, New Jersey, the petitioners stated that they had immigrated to the United States in January 1960. In a certified letter, dated January 22, 1966, to *159 the Chief, Appellate Branch Office, Internal Revenue Service, the petitioners stated that they were immigrants to the United States. In their petition filed with this Court on March 7, 1967, the petitioners did not raise the issue of nonresidence during the taxable year 1961, but referred to their immigration to the United States in 1960. Petitioners first claimed to be nonresident aliens in an Amendment to Petition filed with this Court 727 on January 16, 1968, just 8 days prior to trial. During the year 1961 the petitioners were residents of the United States for the purposes of the Internal Revenue Code of 1954. Operating Loss on Rental Property On December 16, 1953, petitioners purchased a single family residence at 286 Frederick Street, Kitchener, Ontario, Canada. They paid $14,000 for the home and incurred legal fees of $238.90 in the purchase. Prior to January 1, 1961, petitioners converted this residence into three separate apartment units. One unit was occupied by Jeanette Beisinger's mother who was claimed as a dependent on their 1961 income tax return. The other two units were rented to persons unrelated to petitioners. As shown on a schedule stipulated *160 by the parties, the information relating to rental income and expenses on the petitioners' building at 286 Frederick Street, Kitchener, Ontario, Canada, for 1961 is: As Reported byPetitioners
As Adjusted byRespondent
Deductions from rental income
Deductible expenses
$1,028.69
$1,028.69
Depreciation - building
498.75
330.97
Depreciation - furnishings 109.83
109.83
Total
$1,637.27
$1,469.49
Less 1/3 personal use 0
489.83
Net deductions
$1,637.27
$979.66
Rental income 354.00
354.00
Rental loss
($1,283.27)
($625.66)
Petitioners used a basis of $19,950 for depreciation of the building and respondent used a basis for depreciation of $13,238.90. Petitioner Court Beisinger spent some of his own time in converting the residence to rental property. The total amount of $1,946.91 was paid by petitioners in converting the property from a personal residence to rental use. Sale of Rental Property On June 30, 1961, petitioners sold their rental property at 286 Frederick Street, Kitchener, Ontario, Canada, to their wholly owned Canadian Corporation, Beisinger Industries, Limited, for $18,500. Travel Expenses In their income tax return *161 petitioners claimed a deduction of $4,500 for expenses incurred traveling by automobile from Irvington, New Jersey, to Kitchener, Ontario, Canada, and back to Irvington. The total number of trips was twenty: seven individually by Court Beisinger; nine individually by Jeanette Beisinger; and four joint trips. Some of the trips were for the management and protection of property held for the production of income in Kitchener. Some of the trips were made to acquire another company in the United States. Some of the trips were connected with the business of Beisinger Industries, Limited, the wholly owned corporation of petitioners. Petitioners kept some, but no detailed, records of their travel expenses. No records were produced at the trial of the case. Petitioners incurred ordinary and necessary travel expenses of $1,500 in 1961. Opinion 1. Residence. The contention of petitioners on the primary issue is that they were nonresident aliens for tax purposes in the year 1961. Respondent's position, on the other hand, is that petitioners were residents of the United States in 1961 for the purposes of the Internal Revenue Code of 1954. [1] Respondent relies upon (1) petitioners' unequivocal *162 acts and statements indicating an intention to acquire residence in the United States and (2) their own testimony that they came to the United States for the definite purpose of acquiring an operating company and that an extended stay in this country was necessary to accomplish their objective. If the petitioners were residents of the United States in 1961, they are subject to 728 income tax under section 1.1-1(b), Income Tax Regs.[2] Residence is defined in section 1.871-2(b), Income Tax Regs., as follows: An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the *163 United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but, if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances. The presumption as to an alien's nonresidence under section 1.871-4(b) may be overcome by proof of "acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident." Section 1.871-4(c)(2)(iii), Income Tax Regs. *164 These regulations have been approved and used by this Court as a reasonable and practical implementation of the law. See, e.g., William E. Adams, 46 T.C. 352, 358 (1966); Josette J. F. Verrier Friedman, 37 T.C. 539, 551 (1961); and Ceska Cooper, 15 T.C. 757, 763 (1950). The issue confronting us is factual; and, considering the facts and circumstances present here, we conclude that the petitioners were residents of the United States in 1961. We think the acts and statements of petitioners clearly demonstrate a definite intention to acquire residence in the United States. This is manifested in their applications for immigration visas where they both stated that they had visited the United States on different occasions since 1956 and prior to 1960. Yet they filed no United States income *165 tax returns prior to 1960. After they entered the United States as quota immigrants in 1960, they did file United States income tax returns for the years 1960 through 1965 and did not claim to be residents at the time of the filing of those returns. Certainly they must have contemplated a change in their residency status when they entered the United States as quota immigrants and subjected themselves to the Federal income tax. Petitioners no longer considered themselves residents of Canada. They filed no Canadian income tax returns in 1961. They held themselves out to the Canadian government to be nonresidents of Canada, and they accepted the subsequent determination of the Canadian Department of National Revenue, Taxation Division, that they were nonresidents of Canada. These acts and statements plainly point to an intention to be treated as residents of the United States. Petitioners also took advantage of their residency status - as residents of the United States - so that they would not have to pay any Canadian income tax. The Income Tax Convention and Protocol Between the United States *166 and Canada, Article VII, provides: 1. A resident of Canada shall be exempt from United States tax upon compensation for personal (including professional) services performed during the taxable year within the United States of America if he is present therein for a period or periods not exceeding a total of 183 days during the taxable year and either of the following conditions is met - (a) his compensation is received for such personal services performed as an officer or employee of a resident, or corporation or other entity of Canada or of a permanent establishment in Canada of a United States enterprise, or (b) his compensation received for such personal services does not exceed $5,000. 2. The provisions of paragraph 1 of this article shall apply, mutatis mutandis, 729 to a resident of the United States with respect to compensation for such personal services performed in Canada. In order to come within the provisions of the treaty, the petitioners must be (a) residents of one of the treaty countries, (b) temporarily present in the other country for 183 days or less, and (c) employed by the government or earning less than $5,000. Each was paid $4,900 by Beisinger Industries, *167 Limited, thus barely fitting under the $5,000 ceiling. It is not disputed that they spent less than 183 days in Canada, thus fulfilling the time limitation. When it was propitious to be residents of the United States to fulfill the third requirement of Article VII, the petitioners claimed to be residents of the United States. This claim was accepted by the Canadian government and the petitioners paid no Canadian income tax. In addition, petitioners made certain representations and statements to the United States Immigration and Naturalization Service which show an intention to acquire permanent residence in the United States. They stated under oath that they intended to remain in the United States permanently, and indicated certain other qualities (e.g., financial responsibility, occupations beneficial to the economy, sound morals, etc.) which would influence the Immigration and Naturalization Service in deciding whether or not to admit them to this country. Upon the basis of the representations made in the applications for admission, the Immigration and Naturalization Service admitted the petitioners to this country as quota immigrants. Also in prior contacts with the Internal *168 Revenue Service the petitioners claimed to be immigrants to the United States. The residency issue was not raised in the original petition but was first raised in an Amendment to Petition filed 8 days before trial. Now that it is no longer propitious for tax purposes to be residents of the United States, the petitioners seek to disavow their previous acts and statements. When the petitioners were admitted to the United States on January 18, 1960, as quota immigrants from Canada, their stated purpose was to remain here so that they might make better use of their experience and abilities. They wanted to acquire an operating company in the United States and they did not know how long it would take. In early 1962, after searching for 2 years, they acquired the Luzerne Rubber Company in Trenton, New Jersey. This augurs against their claim that they were mere sojourners or transients. And the fact that they made several trips to Canada during such period to promote other business interests does not negate their status as resident aliens. See William E. Adams, supra at pp. 362-363. An extended stay in the United States, interrupted by intermittent visits to Canada and Europe, *169 was necessary to fulfill their stated objective. At best, they had no definite intention as to their stay in the United States. In either case, we think they were residents rather than sojourners or transients in 1961. Accordingly, we sustain respondent on this issue. 2. Operating Loss on Rental Property. Most of the facts relating to this issue are stipulated. The resolution of the issue depends upon a determination as to the adjusted basis of the rental property for depreciation purposes. Rental income from the property was $354. Deductible business expenses were $1,028.69. Depreciation on the furnishings was $109.83. Petitioners have conceded that one-third of the property was for personal use. Section 167 provides for the deduction of a reasonable allowance for depreciation of property used in a trade or business or held for the production of income. The agreed depreciation rate is 5 percent for the building. Although the basis for depreciation is generally the adjusted basis under section 1011, as provided in section 167(g), the basis of property converted from personal to business *170 use is the lesser of adjusted basis or fair market value at the time of conversion. See section 1.167(g)-1, Income Tax Regs. The fair market value of the house in 1961 was $21,000. The adjusted basis computed under section 1011 is cost (section 1012) as adjusted under the provisions of section 1016. The cost of the property located at 286 Frederick Street, Kitchener, Ontario, was $14,000, of which $1,000 was allocated by respondent to the land, leaving the net cost of the building as $13,000. One adjustment already made to reflect an expenditure properly chargeable to capital account under section 1016(a)(1) is the attorney's fee of $238.90 incurred in the purchase of the property. Another adjustment which should be made is $1,946.91 in capital expenditures. Petitioners used a basis of $19,950 for depreciation of the building and respondent used a basis for depreciation of the 730 building of $13,238.90. Respondent's basis in his notice of deficiency was the cost allocable to the building ($13,000) plus an adjustment to reflect the legal fees incurred in the purchase ($238.90). The petitioners' basis of $19,950 apparently reflects an allocation *171 of $1,050 to land since they testified that the fair market value was $21,000. The adjusted basis, even allowing for the adjustment of $1,946.91 in capital expenditures, is still less than the fair market value. Consequently, the adjusted basis is the proper basis for depreciation under section 167(g). The proper depreciation deduction can be determined in the Rule 50 computation and one-third of the total loss attributable to personal use can be subtracted from the claimed loss. It appears that the operating loss of $1,283 claimed by petitioners exceeded their actual loss. 3. Sale of Rental Property. Here again, we have a factual issue which depends upon a determination of the adjusted basis of the rental property. On December 16, 1953, petitioners purchased the property as a family residence for $14,000 and incurred legal fees of $238.90 in the purchase. Before January 1, 1961, they converted the residence into rental property, i.e., three separate apartment units. On June 30, 1961, they sold the property to their whollyowned corporation for $18,500. Section 267 denies a deduction for *172 losses on sales to corporations in which the seller owns more than 50 percent of the outstanding stock. Since the loss claimed arose from a sale of rental property by the petitioners to their wholly-owned corporation, the loss cannot be allowed. Section 1239 provides that the gain from sales of depreciable property by individuals to a corporation in which they own more than 80 percent of the outstanding stock must be treated as ordinary income rather than capital gain. Since the sale by the petitioners was a sale of depreciable property to their wholly-owned corporation, the gain therefrom must be taxed as ordinary income. Section 1011 provides that the basis must be cost (section 1012), as adjusted by the capital expenditures described in section 1016. The cost of the property was $14,000. An adjustment under section 1016(a) has already been made for the legal fees. A further adjustment of $1,946.91 should be made for capital expenditures. Under the circumstances the sale resulted in a gain taxable *173 as ordinary income. 4. Travel Expenses. We are satisfied that the petitioners incurred some travel expenses in carrying on their business. Some of the $4,500 claimed was incurred in petitioner's search for a new business. Such portion is not deductible. Morton Frank, 20 T.C. 511 (1953). Some of the expenses were connected with the business of Beisinger Industries, Limited; and some were incurred for the management and protection of property held for the production of income. Petitioners did not keep detailed records. All we have is their general testimony. Using our best judgment, and bearing heavily against them for their inexactitude, we hold that the petitioners are entitled to a deduction of $1,500 for travel expenses. Cohan v. Commissioner, 39 F. 2d 540, 544 (C.A. 2, 1930). To reflect the conclusions reached herein, Decision will be entered under Rule 50. Footnotes
1. All section references herein are to the Internal Revenue Code of 1954 and the regulations promulgated thereunder.↩
2. Sec. 1.1-1(b)↩ [Income Tax Regs.] Citizens or residents of the United States liable to tax. In general, all citizens of the United States, wherever resident, and all resident alien individuals are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States.