CLARENCE REUBEN STROOPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stroope v. Commissioner
Docket No. 3409-74.
United States Tax Court
T.C. Memo 1975-348; 1975 Tax Ct. Memo LEXIS 27; 34 T.C.M. (CCH) 1524; T.C.M. (RIA) 750348; December 2, 1975, Filed Clarence Reuben Stroope, pro se. Gregory A. Robinson, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $507.68 deficiency in petitioner's 1971 income tax. The parties have filed a stipulation of *28 facts which is incorporated herein by this reference. Petitioner, a resident of Santa Barbara when the petition herein was filed, was an engineer throughout 1971, employed by the Raytheon Company. The only item of income reported by him on his 1971 return was his salary of $16,731. [1] The deficiency herein is based upon three adjustments made by the Commissioner. 1. During 1971 petitioner was not satisfied with his job and decided that he would rather be a real estate salesman. To that end he took courses in 1971 that would lead to his eligibility to become a licensed real estate salesman. Such courses included an extension course at the University of California at Santa Barbara in real estate and courses at the "Institute for Business Planning". Petitioner did not sell any real estate in 1971, but he did obtain a real estate salesman's license in November of 1971. He expended $128.40 for these courses in 1971, and claimed deduction therefor on his 1971 return. We hold that the Commissioner's action in *29 disallowing this deduction must be approved. The Commissioner explained the disallowance of this deduction as follows: Educational expense incurred to meet the minimum requirements for qualification in your business or specialty is not deductible. The Government's position is plainly correct. Petitioner was taking courses to qualify him for a new and different type of employment or business activity. The educational expenses incurred in connection therewith are not deductible. Eugene G. Feistman,63 T.C. 129, 134; Patrick L. O'Donnell,62 T.C. 781, affirmed without published opinion, 519 F. 2d 1406; William D. Glenn,62 T.C. 270. 2. Shortly before Christmas of 1971 petitioner took a trip to the Hawaiian Islands where he remained until about January 8, 1972. His total expenses including transportation, hotel and meals were in the amount of $552.71, of which $187.29 represented a hotel bill for his accommodations on the island of Oahu, which he paid on January 6, 1972. Petitioner testified that his principal purpose in making the trip to Hawaii was to investigate real estate investment opportunities on the Kona *30 coast of the island of Hawaii. However, he spent only one night (in early 1972) on that island. Petitioner spent much of his two week trip in a resort setting in Waikiki Beach on the island of Oahu. Petitioner did not in fact make any investment in any real property on the island of Hawaii. Although we think not only that he was sincere in his investigation of such possible investment but also that he made some inquiries on the island of Oahu about employment opportunities, it is our best judgment on all the evidence, and we hereby find as a fact, that the expenditures in question were predominantly related to vacation oriented travel and that the "business" [2] or "investment" aspects of petitioner's travel were of only minimal significance. Such expenses are not deductible. Section 1.262-1(b)(5), Income Tax Regs. Moreover, expenses incurred in the search for possible future investments are generally held to be insufficiently connected to income producing activity for their deduction to be permitted on this basis. Cf. Eugene H. Walet, Jr.,31 T.C. 461, 471, *31 affirmed 272 F. 2d 694 (C.A. 5); Morton Frank,20 T.C. 511, 514; George A. Dean,56 T.C. 895, 902-903, and cases cited therein; Patrick L. O'Donnell,supra,62 T.C. at 785; 4A Mertens, Law of Federal Income Taxation, sec. 25.08, pp. 39-40 and sec. 25A.07, pp. 11-12 (1972 rev.). The Commissioner's disallowance of the claimed deduction of $552.71 must be approved, wholly apart from the fact that $187.29 of that amount is in any event not deductible in 1971 since it was paid in 1972. 3. Petitioner is divorced from his former spouse. In 1971 he paid $879 for attorney's fees in connection with the divorce controversy, in particular to defeat his wife's *32 claim to a community property interest in the house in which they had resided. Petitioner contended that the house was his own separate property. The house was rented throughout 1971. The Commissioner disallowed the claimed deduction of the $879 attorney's fees as representing "purely personal" legal expenses. We have no alternative but to approve his action in this respect. Contrary to petitioner's position, we think United States v. Gilmore,372 U.S. 39, is dispositive of this issue against him. Decision will be entered for the respondent.
Footnotes
1. Additionally, he reported a net loss of $61.61 (rents received of $2,420 less total expenses of $2,481.61) incurred in connection with the rental of his former residence.↩
2. To be sure, petitioner might have been entitled to deduct expenses which were in fact directly related to bona fide job interviews. Section 1.162-2(b)(1), Rev. Rul. 75-120↩, I.R.B. 1975-15, April 14, 1975. However, apart from the fact that we have troubling doubts as to whether he was seriously looking for employment in Hawaii, he has failed to establish that he incurred any such directly attributable expenses, much less to substantiate their nature and amount.