T.C. Summary Opinion 2017-56

UNITED STATES TAX COURT

SAMUEL JOSEPH CARRICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12198-16S.                     Filed July 20, 2017.

Samuel Joseph Carrick, pro se.

<u>Jason T. Scott</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 2, 2016, respondent determined deficiencies of $2,265 and $4,660 in petitioner's 2013 and 2014 Federal income tax, respectively.

After concessions,[2] the issue for decision is whether petitioner was engaged in a trade or business in the years in issue and entitled to deduct expenses related to his activities.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in California when the petition was timely filed.

I.     General

Petitioner has a bachelor's degree in electrical engineering.  For approximately 15 years petitioner was employed in the oceanographic industry.

---

[1](...continued)
Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner conceded that he received and failed to report State income tax refunds of $1,049 and $3,773 for 2013 and 2014, respectively.

Before the years in issue, and during 2013 and 2014, petitioner was employed by Remote Ocean Systems (ROS). Petitioner built underwater equipment such as cameras, lights, thrusters, control devices, and integrative sonar.

## II.  Sole Proprietorship Activities

During the years in issue ROS was experiencing financial difficulty and petitioner was provided some flexibility in his work schedule. Petitioner began exploring business ventures with other individuals, using the name Trifecta United as an umbrella name for the activities, which he named Local Bidz and Stingray Away.

The Local Bidz activity involved creating a website with features similar to those of the websites of Angie's List, Yelp, and eBay which would permit people to bid on hiring contractors for products and repairs. Petitioner first had the idea for Local Bidz in 2012, and he went "full force in the beginning of 2013", spending time accumulating data and developing software and the website. At some point in 2013 the web developer moved to Los Angeles and other individuals left the project. For some unspecified period in 2013 petitioner traveled weekly from his home in San Diego to Los Angeles to consult with the web developer. Petitioner abandoned the Local Bidz activity before the end of 2013.

Sometime in 2014 petitioner began the Stingray Away activity, which involved researching and developing a device to prevent surfers and swimmers from being injured by stingrays. Petitioner initially noticed that sonar devices might affect the behavior of sharks and other species. Petitioner conducted research at beaches in La Jolla, where swimmers and surfers often were stung and bitten by stingrays. Petitioner did not fully develop any devices nor list any devices for sale in 2014.

Petitioner had no gross receipts during 2013 or 2014 from either the Local Bidz activity or the Stingray Away activity.

III.    Tax Returns and Notice of Deficiency

Petitioner attached Schedules C, Profit or Loss From Business, to his 2013 and 2014 Forms 1040, U.S. Individual Income Tax Return. On the 2013 Schedule C, under the business name Trifecta United, petitioner reported zero gross receipts and total expenses of $38,830. On the 2014 Schedule C, under the business name Samuel J Carrick, petitioner reported zero gross receipts and total expenses of $50,807. The expenses for each year were reported as a business loss offsetting petitioner's salary reported on the respective Forms 1040.

In a notice of deficiency respondent disallowed petitioner's claimed deductions for meals and entertainment, travel, and car and truck expenses.

Respondent disallowed $13,730 for 2013 and $21,180 for 2014.  Respondent asserts that petitioner has failed to establish that he was "carrying on" a trade or business and, further, that even if petitioner was carrying on a trade or business he has not substantiated the expenses underlying the claimed deductions as required by section 274(d).[3]

Discussion

I.     Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner did not allege or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioner bears the burden of proof.  See Rule 142(a).

---

[3]We note that in the notice of deficiency respondent disallowed only a small portion of the total claimed deductions for either year.  While respondent's theory of disallowance would appear to affect all of the deductions petitioner claimed on his Schedules C, respondent did not seek an increased deficiency for either year.  Accordingly, we resolve only those adjustments determined in the notice of deficiency.

II.    Schedule C Activities

Petitioner asserts that the reported expenses are deductible as ordinary and necessary business expenses relating to the activities of Local Bidz and Stingray Away.  Section 162(a) provides the general rule that a deduction is allowed for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".

It is clear that petitioner was not "carrying on" a trade or business in 2013 or 2014 when the expenditures for the Local Bidz and Stingray Away activities were made.  Carrying on a trade or business requires more than preparatory work such as initial research or solicitation of potential customers; a business must have actually commenced.  Expenses paid after a decision has been made to start a business, but before the business commences, are generally not deductible as ordinary and necessary business expenses.  These preparatory expenses are capital expenditures.  See secs. 162, 195; Frank v. Commissioner, 20 T.C. 511, 513-514 (1953); Shea v. Commissioner, T.C. Memo. 2000-179, 2000 WL 688593, at *5 n.10; Christian v. Commissioner, T.C. Memo. 1995-12, 1995 WL 9151, at *5.

While petitioner may have been conducting research in 2013 with respect to Local Bidz or in 2014 with respect to Stingray Away, neither activity reached the point of actually commencing.  There was neither sales activity nor evidence of

the offering of products or services to the public. Petitioner was still in the very early stages of research and development in each of these activities. There is nothing in the record indicating that petitioner had commenced any business activity as a sole proprietor. We conclude that petitioner was not "carrying on" a trade or business in 2013 or 2014. See secs. 162, 195; Frank v. Commissioner, 20 T.C. at 513-514; Shea v. Commissioner, 2000 WL 688593, at *5 n.10; Christian v. Commissioner, 1995 WL 9151, at *5.[4]

As we have concluded that petitioner is not entitled to any of the claimed deductions as discussed herein, we need not and do not consider the issue of whether he properly substantiated the expenses underlying the claimed deductions.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[4]At trial the Court inquired of respondent's counsel whether petitioner might be entitled to a deduction for startup expenditures under sec. 195. Respondent correctly points out that petitioner has been allowed deductions for startup expenditures beyond the amounts allowed under sec. 195(b). Accordingly, sec. 195 is of no assistance to petitioner.