T.C. Summary Opinion 2009-98


UNITED STATES TAX COURT


JOHN F. KYNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18227-08S.          Filed June 25, 2009.


John F. Kyne, pro se.

<u>Robert W. Mopsick</u>, for respondent.


NIMS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,381 deficiency in petitioner's Federal income tax for the 2005 tax year. The issues for decision are: (1) Whether petitioner is entitled to deduct medical and dental expenses of $19,045; (2) whether petitioner is entitled to deduct charitable contributions in excess of those respondent allowed; and (3) whether petitioner is entitled to deduct miscellaneous itemized expenses in excess of those respondent allowed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in New Jersey at the time he filed his petition.

During 2005 petitioner worked as a corporate field sales representative for Thomson West Publishing (Thomson West), selling legal research materials to corporate legal departments in New Jersey and Pennsylvania. Thomson West's corporate field sales representatives were required to work from their home-based offices and were reimbursed up to $500 per month for monthly operating expenses and up to $150 per day for hotels, meals, and

transportation expenses.  The record does not reflect the extent, if any, to which petitioner was reimbursed by Thomson West.

Petitioner timely filed a 2005 Form 1040, U.S. Individual Income Tax Return, in which he claimed a medical and dental expense deduction of $19,045, a charitable contribution deduction of $8,848, and miscellaneous itemized deductions of $35,857.  The miscellaneous itemized deductions consisted of:  (1) $11,004 for vehicle expenses; (2) $4,822 for parking fees and tolls; (3) $14,708 for unspecified business expenses; (4) $3,256 for meal and entertainment expenses; (5) $1,717 for job search expenses; and (6) $350 for tax preparation fees.

Upon examination of the return, respondent determined that petitioner had failed to substantiate most of these deductions. On this basis, respondent disallowed the entire medical and dental expense deduction, $7,760 of the charitable contribution deduction, and $5,280 of the miscellaneous itemized deductions.

At trial, respondent conceded a $16,958.21 employee business expense deduction consisting of:  (1) $9,328.88 for vehicle expenses; (2) $2,648 for parking fees and tolls; (3) $3,306.33 for "home office expenses"; and (4) $1,675 for telephone expenses.

## Discussion

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item they claim as a deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

## I. Medical and Dental Expenses

Section 213(a) permits a deduction for a taxpayer's medical and dental expenses that were paid and not compensated for by insurance, to the extent the expenses exceed 7.5 percent of the taxpayer's adjusted gross income.

To substantiate these expenses, the taxpayer must furnish the name and address of each payee and the date and amount of each payment. Sec. 1.213-1(h), Income Tax Regs. If requested by the Commissioner, the taxpayer must also furnish a statement or itemized invoice identifying the patient, the type of service rendered, and the specific purpose of the expense. Id.

Petitioner has not adequately substantiated his claimed expenses. He submitted only a self-prepared summary of his

monthly medical and dental expenses (medical expense summary). The medical expense summary names three of his four doctors. However, it does not provide the address of any payee or the date and amount of each payment. Petitioner also failed to furnish any statements or invoices from his doctors.

When a taxpayer establishes that deductible expenses were incurred but fails to substantiate the exact amounts, we generally may estimate the amounts allowable if sufficient evidence exists to provide a rational basis for the estimate. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Petitioner has not provided a rational basis for an estimate because his medical expense summary is not credible. It states petitioner's total expenses were $17,564.90 and thereby conflicts with the amount claimed on the return. No explanation is given for this discrepancy. In fact, petitioner has not offered any evidence to corroborate any of the figures on the medical expense summary or on the return. We are not required to accept petitioner's self-serving and inconsistent statements.

Accordingly, we hold that petitioner is not entitled to any deduction for medical and dental expenses.

II. Charitable Contributions

Section 170(a)(1) allows as a deduction any charitable contribution verified under regulations prescribed by the

Secretary. For each contribution, the regulations generally require a taxpayer to maintain a canceled check, a receipt from the donee, or another reliable written record. Sec. 1.170A-13(a)(1), Income Tax Regs. Factors to consider in assessing reliability include whether the record was made contemporaneously with the contribution and whether the taxpayer kept regular records of contributions. Sec. 1.170A-13(a)(2)(i), Income Tax Regs. Additionally, any charitable contribution of $250 or more must be further substantiated by "a contemporaneous written acknowledgment of the contribution by the donee organization". Sec. 170(f)(8)(A).

In support of his claimed deduction, petitioner provided a self-prepared list of his charitable contributions, debit card statements, and a canceled check for $25 to the Memorial Sloan-Kettering Cancer Center. The statements listed donations of $250 and $200 to the Red Cross.

While the canceled check constitutes adequate substantiation of the contribution under certain circumstances, the statements and list do not. We do not find petitioner's list to be a reliable written record. There is no evidence in the record that indicates the list was prepared contemporaneously or that petitioner routinely kept records of his contributions. Furthermore, we question the accuracy of the list because petitioner declared his total charitable contributions to be

different amounts on three different occasions.  Petitioner first claimed a deduction of $8,848 on his return but admitted at trial that this figure was inaccurate:  "my accountant who was doing my taxes unfortunately got a little creative, and unfortunately I went along with him."  Petitioner subsequently provided respondent with a list of contributions, which states the total amount as $1,088.  However, petitioner's own testimony contradicts this figure as well.  Petitioner testified that he made charitable contributions of only $475.

Accordingly, we sustain respondent's disallowance of all but $1,088 of petitioner's $8,848 claimed charitable contribution deduction.

III.  <u>Miscellaneous Itemized Deductions</u>

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year.  A taxpayer's personal or living expenses are not deductible.  Sec. 262.

Petitioner claimed $35,857 of miscellaneous itemized deductions for vehicle expenses, parking fees and tolls, unspecified business expenses, meal and entertainment expenses, job search expenses, and tax preparation expenses.  On audit respondent allowed $30,577 of these deductions but did not specify which items were specifically disallowed.

A.  Vehicle Expenses

Section 274(d) prohibits us from making estimating a taxpayer's travel, entertainment, gift, and "listed property" (e.g., automobiles and other property used for transportation) expenses.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To deduct these expenses, the taxpayer must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (A) The amount of the expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.  Sec. 274(d).  Substantiation by adequate records requires the taxpayer to maintain an account book, diary, log, statement of expense, trip sheets, or similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's

statement specifically detailing the required elements.  Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

The Commissioner may establish mileage allowances deemed to substantiate the amount of listed property expenses.  Sec. 1.274-5(j)(2), Income Tax Regs.  However, the taxpayer is still required to substantiate the remaining elements of time, place, and business purpose.  Id.; see Rev. Proc. 2004-64, sec. 9.02, 2004-2 C.B. 898, 904.  In 2005, the specific mileage allowance was 40.5 cents a mile for the first 8 months and 48.5 cents for the last 4 months.  Rev. Proc. 2004-64, sec. 5.01, 2004-2 C.B. at 900, as modified by Announcement 2005-71, 2005-2 C.B. 714.

Petitioner claimed a vehicle expense deduction of $11,004 on his return.  However, his 2005 expense summary reported a vehicle expense of only $10,571 based on the mileage allowances in effect for 2005.  In support of that calculation, petitioner submitted a log of his daily business travel.  For each entry, the log usually indicated the city petitioner visited, the person he met, the company for whom that person worked, and the distance petitioner drove.  While the log establishes the time and place of petitioner's vehicle expenses, it does not provide the business purpose of the expenses and therefore does not satisfy

the strict substantiation requirements of section 274(d).
Petitioner is entitled only to the $9,328.88 of vehicle expenses
respondent conceded.

B.  <u>Parking Fees and Tolls</u>

A taxpayer using the mileage allowance may also deduct
parking fees and tolls.  Rev. Proc. 2004-64, sec. 5.04, 2004-2
C.B. at 900.  Petitioner claimed a $4,822 deduction for parking
fees and tolls.  However, his 2005 expense summary reported that
he spent $2,617, and he did not present any evidence that his
expenses exceeded the $2,648 respondent conceded.  Any excess is
disallowed.

C.  <u>Unspecified Business Expenses</u>

Petitioner claimed unspecified business expenses of $14,708.
Petitioner's 2005 expense summary states that he spent $2,578 for
telephone service, $7,500 for rent, $540 for monthly Internet
service, $1,794 for utilities, and $13,877 for "business
expenses".  The record indicates that petitioner's claimed
"business expenses" comprised office supplies, gifts to
prospective clients, subscriptions to newspapers and magazines,
copying, postage, tolls (discussed <u>supra</u>), and meals and
entertainment expenses (discussed <u>infra</u>).  Petitioner did not
explain how he computed the $14,708 figure he claimed as a
deduction on his return.

Petitioner submitted a summary of his telephone expenses which indicated that he spent $1,127 for cellular telephone service from Cingular, $1,311 business telephone service from Verizon, and $140 business telephone service from Quest. Petitioner documented only $800 of payments to Verizon. He did not substantiate any payments to Quest or Cingular.

Cellular telephones are included in the definition of "listed property", sec. 280F(d)(4)(A)(v), and are subject to the strict substantiation requirements of section 274(d). We therefore would not include petitioner's cellular telephone expenses in an estimate of his telephone expenses. In addition, any expense for basic local telephone service with respect to the first telephone line to a residence is treated as a nondeductible personal expense. Sec. 262(b). However, any estimate is unnecessary because respondent has conceded an amount greater than the purported payments to Verizon and Quest. Petitioner is not entitled to a deduction greater than that amount.

Petitioner also provided canceled checks which substantiated payments of $6,875 for rent and $1,794 for utilities in 2005. He did not present any documentation of his Internet expenses.

Section 280A(c)(1) permits the deduction of expenses allocable to a portion of a dwelling unit that is used exclusively and on a regular basis as either (1) the principal place of business for the taxpayer's trade or business, or (2) a

place of business that is used by clients or customers in meeting or dealing with the taxpayer in the normal course of the taxpayer's trade or business.

Petitioner failed to establish what portion of the house was used as a home office. Accordingly, he is not entitled to a home office deduction greater than the $3,306.33 respondent allowed.

Petitioner submitted debit card statements in support of his expenses for business gifts, office supplies, newspaper and magazine subscriptions, copying, and postage. Those statements contradict his expense summaries and establish that he did not incur $13,877 in "business expenses". The highlighted entries in the statements add up to far less than that amount, even with the inclusion of charges for meals, entertainment, and tolls. In addition, petitioner reported several newspaper and magazine subscriptions on his business expense summary, but the statements evidence only a single subscription to the Star Ledger. As to petitioner's gift expenses, the statements do not meet the substantiation requirements under section 274(d) because they do not provide a description of the gift, the business purpose of the gift, and the recipient's business relationship to petitioner. See sec. 1.274-5T(b)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

While we believe that petitioner did incur some expenses for office supplies, we note that petitioner was entitled to partial reimbursement from his employer of up to $500 per month for his monthly operating expenses. Petitioner has not presented any evidence that these expenses exceeded that amount.

For these reasons, petitioner is not entitled to a deduction for his unspecified business expenses greater than the amounts respondent conceded for telephone and "home office" expenses.

D. <u>Meals and Entertainment</u>

On his return, petitioner claimed he incurred meals and entertainment expenses of $6,511, giving rise to a $3,256 deduction. Section 274(d) requires a taxpayer to substantiate the amount, time, place, and business purpose of these expenses and the business relationship to the persons entertained. In addition to his debit card statements, petitioner provided a calendar which indicated the person he met, the restaurant at which they ate, and how much he spent. We find the calendar to be wholly unreliable. Petitioner routinely recorded amounts much greater than the amounts actually charged on his debit card. Lacking credible documentation of his expenses, petitioner has thus failed to substantiate any of his meals and entertainment expenses under section 274(d).

E.  Job Search Expenses

Job search expenses are deductible under section 162(a) so long as the search is for employment in the same trade or business as that in which the taxpayer is currently engaged, or if the taxpayer is unemployed, that in which he was most recently engaged.  See Primuth v. Commissioner, 54 T.C. 374, 379 (1970). Expenses for a search in a different type of trade or business are not deductible.  See Frank v. Commissioner, 20 T.C. 511, 513 (1953).

Petitioner claimed $1,717 of job search expenses on his return.  His debit card statements included highlighted entries for fax services and Internet access, but he has not produced any evidence that these related to a job search or that such a search was in the same trade or business as that in which he is or was currently engaged.  Furthermore, his 2005 expense summary lists his job search expenses as $267 and thus indicates he did not incur the amount claimed on his return, which is therefore disallowed.

F.  Tax Preparation Expenses

Petitioner testified that he relied on an accountant in preparing his return, but he has provided no evidence to corroborate that testimony.  Neither his expense summaries nor his debit card statements contain any entries for tax return preparation expenses.  We cannot verify petitioner's testimony

from his Form 1040 because the page that would contain the return preparer's signature was omitted.  Petitioner is therefore not entitled to a deduction for his tax preparation expenses.

G.  Conclusion

Petitioner has not substantiated any expenses in excess of the $30,577 respondent allowed on audit.  Accordingly, we uphold respondent's determination regarding petitioner's miscellaneous itemized deductions.

To reflect the foregoing,

Decision will be entered

for respondent.