T.C. Summary Opinion 2015-35


UNITED STATES TAX COURT


ALFONSO DIAZ DEL CASTILLO AND
ELENA LOBODA-DIAZ DEL CASTILLO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24364-09S.                    Filed May 14, 2015.


Alfonso Diaz Del Castillo and Elena Loboda-Diaz Del Castillo, pro sese.

Peter T. McCary, for respondent.


SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $14,608 in petitioners' Federal income tax for 2006.  Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a).  At the time the petition was filed, petitioners resided in Maryland.

The issue for decision is whether petitioners are entitled to a deduction of $53,808 for various expenses reported on Schedule C, Profit or Loss From Business.[2]  References to petitioner in the singular are to petitioner Alfonso Diaz Del Castillo.

<u>Background</u>

Some of the facts have been stipulated and are so found.  The first stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code), as amended and in effect for 2006, and Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

[2]To the extent not discussed herein, other issues are computational and flow from our decision in this case.

I. Petitioner's Background

Petitioner is a licensed pilot, and he holds multiple aviation-related certificates from the Federal Aviation Administration. In 2006 he was employed full time as an aviation safety inspector at the Transportation Security Administration (TSA) within the U.S. Department of Homeland Security.

II. Wind Energy Activity

Beginning in 2005 petitioner formed a plan to import electrical generators from Taiwan and use them to construct wind turbines that he hoped to either sell to farmers in Montana or erect on his own property to generate and sell electricity.[3]

Petitioner testified that in 2005 he paid $60,900 for a previously owned Cessna 336 Skymaster aircraft (Skymaster). The Skymaster required extensive repairs.

Petitioner testified that in 2006 he used the Skymaster to fly from Washington, D.C., to Montana to investigate the feasibility of selling wind turbines there and to solicit potential customers. Petitioner further testified that he

---

[3]Petitioners attached a Schedule C to their Federal income tax return for 2005 and reported a loss of $50,369 attributable to the wind energy activity. This case does not concern petitioners' tax liability for 2005.

intended to use the Skymaster to transport electrical generators from Texas to Montana.

Petitioner traveled to Taipei, Taiwan, in the latter half of 2006 to visit a plant where electrical generators were manufactured.

Petitioner subsequently experienced many setbacks, including serious health problems. He never purchased any electrical generators, constructed or sold any wind turbines, or generated or sold any electricity.

III.  TSA-Related Travel

Petitioner testified that in 2006 he took three trips in connection with his work for TSA and that he was informally authorized to use the Skymaster to travel to and from the TSA worksites. The record includes three reports that petitioner drafted which refer to trips that he took in 2006 to Alabama and Texas. He did not, however, provide any records or documents substantiating the amounts of his TSA-related travel expenses. Moreover, he did not provide any evidence of the employee travel reimbursement policy in effect at TSA for 2006, and he could not recall whether he had ever requested that TSA reimburse him for the use of the Skymaster.

IV.  Form 1040

Petitioners filed a timely Form 1040, U.S. Individual Income Tax Return, for 2006, reporting combined wages of $152,598.  They attached to the return a Schedule C and identified the underlying business activity as "produce electricity".  Although there are no gross receipts reported on the Schedule C, petitioner reported various expenses totaling $53,808, including $3,048 for aircraft insurance charges, $3,416 for interest charges,[4] $28,111 for repairs and maintenance,[5] $10,102 for travel,[6] $537 for meals and entertainment, and $8,594 for other expenses.  The latter item comprised training expenses of $695, monthly "tie downs" of $1,116, airplane fuel of $5,667, and airplane parking of $1,116.[7]

V.  Notice of Deficiency

Respondent issued a notice of deficiency to petitioners disallowing a deduction for the $53,808 loss claimed on Schedule C.  Respondent determined

---

[4]Petitioner testified that this item represents interest that he paid on a $60,000 loan that he obtained to finance the purchase of the Skymaster.

[5]Petitioner testified that this item represents amounts he paid for parts and labor to repair the Skymaster.

[6]Petitioner testified that the travel expenses were attributable to his trip to Taiwan, trips to California for flight training, and three trips connected with his employment at TSA.

[7]Petitioner conceded at trial that the $1,116 expense for aircraft parking is an erroneous duplication of the $1,116 aircraft tiedown expense.

that petitioners failed to adequately substantiate the expenses reported on Schedule C and, in the alternative, that the disputed expenses were nondeductible startup expenses (i.e., petitioner had not commenced a wind energy trade or business in 2006).

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner asserts that the burden of proof should shift to respondent pursuant to section 7491(a). Section 7491(a) shifts the burden of proof to the Commissioner with respect to a given factual issue where a taxpayer (1) introduces credible evidence with respect to that issue, (2) meets all applicable substantiation requirements, (3) complies with all recordkeeping requirements, and (4) cooperates with any reasonable requests for information. See Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). Although the record shows that petitioner cooperated with respondent's requests for information and documents, in the end he failed to properly substantiate many of the expenses reported on

Schedule C, and he did not maintain all records required under the Code. Accordingly, the burden of proof remains with petitioners.

A taxpayer normally must substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

I. Trade or Business Expenses

Section 162(a) provides the general rule that a deduction is allowed for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The term "trade or business" is not defined in the Code or the regulations. Whether an expenditure satisfies the requirements for deductibility under section 162 generally is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

In <u>Frank v. Commissioner</u>, 20 T.C. 511, 513 (1953), the Court concluded that "travel expenses and legal fees spent in searching for a newspaper business with a view to purchasing the same" could not be deducted under section 23(a)(1) (a statutory predecessor to section 162(a)).  The Court stated that "expenses of investigating and looking for a new business and trips preparatory to entering a business are not deductible as an ordinary and necessary business expense incurred in carrying on a trade or business."  <u>Frank v. Commissioner</u>, 20 T.C. at 513.  Carrying on a trade or business requires more than initial research into business potential and the solicitation of potential customers.  <u>Dean v. Commissioner</u>, 56 T.C. 895, 902 (1971); <u>see</u> <u>Christian v. Commissioner</u>, T.C. Memo. 1995-12 (finding that although the taxpayer consulted with real estate developers and devoted considerable effort to attracting potential investors, he never followed through on plans to develop property and was not carrying on that business during the years in issue).

Although we have no reason to doubt that petitioner intended to start a wind energy business, the record shows that his efforts to do so had not advanced beyond the investigatory stage in 2006.  In sum, he traveled to Taiwan to evaluate the possibility of ordering electrical generators and to Montana to explore the feasibility of the activity and to solicit potential customers.  He also purchased an

airplane with the aim of using it, at least in part, in the wind energy activity. Notwithstanding these actions, the business never matured to an active trade or business. As petitioner candidly admitted at trial, he never purchased an electric generator, constructed a wind turbine, or produced or sold any electricity in Montana or any other location. Consequently, we conclude that petitioner was not carrying on a wind energy trade or business in 2006, and we sustain respondent's determination disallowing a deduction for the loss that petitioners reported on Schedule C.

II. Unreimbursed Employee Business Expenses

Petitioner explained at trial that some of the travel expenses reported on Schedule C were related to trips in the Skymaster to TSA worksites in Alabama and Texas. Respondent maintains that petitioner failed to properly substantiate these expenses and, in any event, the expenses are not necessary business expenses within the meaning of section 162.

Section 274(d) prescribes stringent substantiation requirements for certain categories of expenses, including travel expenses and expenses related to the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate

records or produce sufficient evidence corroborating his own statement, establishing the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018, provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. As is relevant here, the term "listed property" includes property used as a means of transportation. Sec. 280F(d)(4)(A)(ii). An airplane is recognized as a "means of transportation". Sec. 1.280F-6(b)(2), Income Tax Regs.

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). An employee business expense is not ordinary and necessary, however, if the employee is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

Petitioner failed to maintain adequate records (such as a log and receipts or invoices) or otherwise produce sufficient evidence corroborating his own statement that would establish the amounts of his TSA travel-related expenses.

For this reason alone, we are obliged to sustain respondent's determination disallowing a deduction for travel expenses.

Even assuming for the sake of argument that petitioner properly substantiated some of the travel expenses in question, he did not provide any evidence of the employee travel reimbursement policy in effect at TSA for 2006. Moreover, he could not recall whether he requested reimbursement from TSA for his travel expenses. It follows that the travel expenses do not qualify as ordinary and necessary business expenses within the meaning of section 162.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.